IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PARAGON MOLDING, LTD., :
*et al*.
   :
    Plaintiffs,
: Case No. 3:05cv422
    vs.
: JUDGE WALTER HERBERT RICE
SAFECO INSURANCE COMPANY,
*et al*. :

    Defendants. :

---

DETERMINATION THAT COURT WILL PROCEED "IN THE NATURE OF INTERPLEADER" IN DETERMINING PROPER DISTRIBUTION OF INSURANCE PROCEEDS PREVIOUSLY DEPOSITED WITH COURT; ORDER TO PARAGON AND AMERICAN ECONOMY INSURANCE COMPANY TO FILE STIPULATION; DECISION OVERRULING, IN PART, AND SUSTAINING, IN PART, AMERICAN ECONOMY INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT (DOC. #163); CERTAIN PLEADINGS DEEMED AMENDED (DOC. #1, DOC. #67, DOC. #122)

---

On January 22, 2005, Plaintiff Paragon Molding, Ltd. ("Paragon") had a fire at its facility wherein it suffered damage to the real estate and the inventory for its molding and game calls business. Doc. #1. As a result, Paragon filed suit against American Economy Insurance Company ("AEIC") (misdenominated as Safeco Insurance Company), claiming that AEIC wrongfully withheld proceeds from a fire insurance policy from Paragon. Id.; Doc. #44. In the meantime, AEIC deposited with this Court fire insurance proceeds in the sum of $1,334,812.98. Not. Order

dtd. May 28, 2010. Several parties subsequently intervened in this litigation, claiming an interest in said proceeds, to wit: Roy Rhodes, Miller Industries, L.L.C. ("Miller"), The Alex N. Sill Company ("Sill"), Jimmie Rhodes and JPMorgan Chase Bank, NA ("Chase"). Doc. #40 (Roy Rhodes Mot. to Intervene); Doc. #43 (Miller Mot. to Intervene); Doc. #47 (Sill Mot. to Intervene); Doc. #66 (Jimmie Rhodes Mot. to Intervene); Doc. #86 (Chase Mot. to Intervene).[1]

The Court will begin with a discussion and decision concerning the nature of the case at hand, followed by a consideration of AEIC's Motion for Leave to File Motion for Summary Judgment (Doc. #163). The Court will then conclude by deeming certain of the pleadings in this case to be amended to conform to the parties' briefings.

I.   Case Proceeding "In the Nature of Interpleader"

By Entry dated June 10, 2010, the Court ordered the parties to brief certain matters pertaining to the resolution of some of the outstanding issues in this litigation. Doc. #138. One such issue was whether the parties were in agreement that the case should proceed "in the nature of interpleader". With regard to the question of the proper distribution of the insurance proceeds that have been deposited with the Court, the parties are in agreement that the case should

---

[1] For a summary of the claims, cross claims and counter claims asserted by the intervening parties, see Document #138 at 2-3.

2

proceed "in the nature of interpleader". Doc. #145 at 1 (Roy & Jimmie Rhodes Mem. in Response to Court's Order); Doc. #149 at 1 (Paragon/Miller Mem. in Response to Court's Order); Doc. #150 at 1 (Sill Mem. in Response to Court's Order); Doc. #151 at 1 (Chase Mem. in Response to Court's Order). Further, the parties have filed the requested amendments to their pleadings, which clarify that the Court has jurisdiction over the interpleader action, given that it involves at least two adverse claimants of diverse citizenship. 28 U.S.C. § 1335; see also Doc. #1-1 ¶ 1 (Compl; Paragon is Ohio citizen); Doc. #140 at 1 (Chase Amend. to Answer, Counterclaim & Cross Claim; Chase is Ohio citizen); Doc. #142 at 1 (Miller Amend. to Compl.; Miller is Ohio citizen); Doc. #146 at 1 (R. Rhodes/J. Rhodes Amend. to Answer, Counterclaim & Cross Claim; R. Rhodes and J. Rhodes are Mississippi citizens); Doc. #147 at 1 (Sill Amend. to Answer, Counterclaim & Cross Claim; Sill is Ohio citizen). Therefore, this case will proceed "in the nature of interpleader", whereby the Court will determine the proper distribution of the insurance proceeds that AEIC has previously deposited with the Clerk of Courts.[2]

---

[2]Paragon has indicated that it will not agree to proceed in the nature of interpleader with regard to the amounts still in dispute and not yet paid under the insurance policy. Doc. #149 at 1. This Court knows of no legal mechanism whereby it can force Paragon, as title holder to the future funds, to participate in an interpleader action. Therefore, it will not compel Paragon to do so. The Court feels obligated to state the obvious, however, in noting that, to the extent the claims of the various interpleading Defendants in this suit are not fully satisfied at the end of this litigation, Paragon is likely to be faced with multiple, individual suits initiated by the unsatisfied creditors, in the absence of an action in the nature of interpleader.

3

## II. AEIC's Motion for Leave to File Motion for Summary Judgment

Another issue about which the Court ordered the parties to brief was whether AEIC should remain a party to this action, given that it had deposited the stated insurance proceeds with the Court. In the course of reviewing the responsive briefings, the Court has become aware that Paragon still has two unresolved claims against AEIC,[3] to wit: (1) an alleged outstanding sum that is still due under the terms of the insurance policy in question, "[n]amely money under the Electronic Data Processing coverage, the Outdoor Property coverage, and the coverage for the destroyed video tapes"; and (2) a claim for bad faith, as a result of AEIC's failure to distribute the insurance proceeds in a timely fashion. Doc. #149 (Paragon/Miller Mem. in Response to Court's Order); see also Doc. #1-1 (Compl.). AEIC has now asked the Court for permission to file a Motion for Summary Judgment pertaining to these two claims, asserting that they can be resolved by Motion, thus facilitating the interests of justice. Doc. #163.

### A. Whether AEIC Still Owes Paragon Proceeds Under Insurance Policy

With regard to the first claim (that AEIC still owes Paragon proceeds under the insurance policy), AEIC alleges the following:

> The umpire's report notes coverage disputes regarding Electronic
> Data, processing/storage, and outdoor property coverage relative to

---

[3]Paragon is the only party that has asserted a claim against AEIC. Doc. #1-1 (Compl.).

>     the loss of trees and shrubs. The total amount noted by the Umpire
>     as being attributed to the Electronic Data Storage coverage for loss of
>     videotapes and raw footage was $340,450. However, in multiple
>     conversations with Don Little, counsel for Paragon . . . , the parties
>     have agreed that the total limit of liability for such coverage is
>     $50,000. [AEIC] proposes that it will make an additional deposit of
>     $50,000 to the account established by the Court on or before August
>     1, 2010, said amount constituting the entire potential amount of
>     coverage available under the aforementioned coverages.

Doc. #163 at 5-6. It is the Court's understanding that AEIC is alleging here that, although the total value of the destroyed items still in dispute is $340,450, Paragon and AEIC have agreed that the total limit of liability for the coverage of these items, under the subject insurance policy, is $50,000 and that AEIC has agreed to make an additional deposit with the Court in this amount. Therefore, the Court orders Paragon and AEIC to file a stipulation that sets forth the specifics of this claim (that AEIC still owes Paragon proceeds under the insurance policy), the maximum amount of which has been agreed upon by those parties. Upon filing such stipulation, to the extent that any issues remaining outstanding, as to this claim, the Court SUSTAINS the Motion for Leave to file Motion for Summary Judgment (Doc. #163), filed by AEIC.

### B. Bad Faith Claim

Given that the bad faith claim is not related to the interpleader action,[4] the

---

[4] The bad faith claim is not related to the interpleader action, because it pertains to the dispute between the original parties to this litigation (Paragon and AEIC) about the timely payment of the insurance proceeds, rather than being

5

Court will defer consideration of that claim until all matters have been resolved with the payment and distribution of the insurance proceeds on deposit with this Court and the Court has dismissed the intervening parties from this litigation. Therefore, the Court OVERRULES the Motion for Leave to file Motion for Summary Judgment (Doc. #163), filed by AEIC, as it pertains to Paragon's claim for bad faith, without prejudice to renewal after the occurrence of same.

### III.   Certain Pleadings Deemed Amended

In the course of reviewing the responses to the Court's previous Entry requiring additional briefings, as well as the other numerous memoranda that have been filed in this case, it is evident that certain of the parties, in their various memoranda, purport to be bringing claims that they have not plead, to wit:

- Paragon. Paragon purports to claim an interest in "all of the funds that are not related to the real property and/or building damage, namely, $684,772.27, because said money is for insurance coverage for other items owned by Paragon Molding and/or business interruption, all relating directly to Paragon Molding." Doc. #149 at 2 (Paragon/Miller Response to Court's Order); see also Doc. #1 (Compl.).

- Paragon. Paragon (along with Miller) purports to claim an interest in 15% of its purported share of the interpleaded fund, for attorney fees. Doc. #100 (Paragon/Miller Mem. Spt); see also Doc. #1 (Compl.).

- Jimmie Rhodes. Jimmie Rhodes purports to claim in interest in

---

between the interpleading parties regarding the ultimate distribution of the deposited funds.

6

> $50,000 plus interest, but has only plead an interest in $50,000. Doc. #82 (Rhodeses Mem. Spt.) at 5-6; see also Doc. #67 (J. Rhodes Counter/Cross Claim) ¶¶ 7-11.

- Miller. Miller (along with Paragon) purports to claim an interest in 15% of its purported share of the interpleaded fund, for attorney fees. Doc. #100 (Paragon/ Miller Mem. Spt); see also Doc. #122 (Miller Compl.).

Given that all of the parties seem to be aware that the noted parties are purporting to bring the stated claims and have, in some fashion or another, incorporated the general acceptance of or disagreement with the same in their various memoranda, the Court deems the noted pleadings (Documents #1, #67, #122) amended to add the additional claims, as noted above. Cf. Fed. R. Civ. Proc. 15(b).[5] The Court does not anticipate the necessity of additional motions or briefings on these additionally plead claims. Should any party have reason to believe that additional motions or briefings are necessary, however, it must move the Court forthwith for leave to file the same, with an explanation of reasons therefor.

IV. Conclusion

The Court will proceed "in the nature of interpleader" in determining the

---

[5]The Court recognizes that Federal Rule of Civil Procedure 15(b) pertains to amendments to pleadings during (and after) trial, rather than before trial. Fed. R. Civ. Proc. 15(b) ("When an issue not raised by the pleadings is tried by the parties' . . . implied consent, it must be treated in all respects as if raised in the pleadings."). Given that the Court will be making dispositive decisions on the interpleader claims by written Decision and thus, is effectively trying the merits of the case on paper, it deems it appropriate to consider the pleadings as so amended.

7

proper distribution of the insurance proceeds that have been previously deposited with the Court.

With regard to the outstanding claim between Paragon and AEIC, wherein Paragon alleges that AEIC still owes Paragon proceeds under the subject insurance policy, the Court orders Paragon and AEIC to file a stipulation that sets forth the specifics of this claim that have been agreed upon by those parties, within seven <u>calendar</u> days of the date of this Decision. Upon filing such stipulation, to the extent that any issues remain outstanding as to this claim, the Court SUSTAINS the Motion for Leave to File Motion for Summary Judgment (Doc. #163), filed by AEIC. AEIC is required to file said Motion within twenty-one <u>calendar</u> days of the date of this Decision. Paragon may then file a response in opposition to said Motion within ten <u>calendar</u> days of the filing of said Motion, and AEIC may reply within ten <u>calendar</u> days of the filing of said response. No extensions will be granted to this time schedule and, given that none of the intervening parties are party to the dispute between Paragon and AEIC, the Court will entertain no briefings by any other parties on this claim.

With regard to the outstanding bad faith claim between Paragon and AEIC, the Court OVERRULES the Motion for Leave to file Motion for Summary Judgment (Doc. #163), filed by AEIC, without prejudice to renewal after the Court resolves all matters with the payment and distribution of the insurance proceeds previously deposited with the Court and the Court dismisses the intervening parties from this

action.

Finally, the Court deems certain pleadings (Documents #1, #67, #122) to be amended to add the following claims:

- Paragon's Complaint (Document #1):
  - Adding claim for an interest in all of the funds that are not related to the real property and/or building damage, namely, $684,772.27.
  - Adding claim for an interest in 15% of Paragon's purported share of the interpleaded fund, for attorney fees.

- Jimmie Rhodes's Counter/Cross Claim (Document #67): Adding claim for interest on the $50,000 claim previously asserted.

- Miller "Complaint" (Document #122): Adding claim for an interest in 15% of Miller's purported share of the interpleaded fund, for attorney fees.

August 2, 2010

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
Counsel of record