IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PARAGON MOLDING, LTD., : 
et al.
 :
    Plaintiffs,
: Case No. 3:05cv422
    vs.
: JUDGE WALTER HERBERT RICE
SAFECO INSURANCE COMPANY,
et al. :
    Defendants. :

---

DECISION OVERRULING DEFENDANT AMERICAN ECONOMY INSURANCE COMPANY'S MOTION TO CLARIFY POSITION (DOC. #176) AND SUSTAINING DEFENDANT AMERICAN ECONOMY INSURANCE COMPANY'S MOTION FOR EXTENSION OF TIME (DOC. #179)

---

On January 22, 2005, Plaintiff Paragon Molding, Ltd. ("Paragon") had a fire at its facility wherein it suffered damage to the real estate and the inventory for its molding and game calls business. Doc. #1. As a result, Paragon filed suit against American Economy Insurance Company ("AEIC") (misdenominated as Safeco Insurance Company), claiming that AEIC wrongfully withheld proceeds from a fire insurance policy from Paragon. Id.; Doc. #44. In the meantime, AEIC deposited with this Court fire insurance proceeds in the sum of $1,334,812.98. Not. Order dtd. May 28, 2010. Several parties subsequently entered this litigation, as Interpleader Defendants (and creditors of Paragon), claiming an interest in said

proceeds, to wit: Roy Rhodes, Miller Industries, L.L.C. ("Miller"), The Alex N. Sill Company ("Sill"), Jimmie Rhodes and JPMorgan Chase Bank, NA ("Chase"). Doc. #40 (Roy Rhodes Mot. to Intervene); Doc. #43 (Miller Mot. to Intervene); Doc. #47 (Sill Mot. to Intervene); Doc. #66 (Jimmie Rhodes Mot. to Intervene); Doc. #86 (Chase Mot. to Intervene).[1] There are two issues currently left for resolution in this litigation, both pending between Paragon and AEIC, to wit: (1) a coverage dispute regarding certain property that was allegedly destroyed in the subject fire (i.e., video data, including production and related costs); and (2) a bad faith claim. See Doc. #164.

Presently before the Court is a Motion by Defendant AEIC asking the Court to "order Intervening Plaintiffs Roy Rhodes and Jimmie Rhodes to clarify their position with regard to claims made by Plaintiff [Paragon] concerning certain items of personal property."[2] Doc. #176 at 1 (emphasis added). The Motion was filed in response to a letter from Roy Rhodes to AEIC, wherein Rhodes asserts a "claim" against AEIC (not against Paragon) for certain property that was allegedly destroyed or damaged in the subject fire, to include videos, trophies and molds (presumably some of the property that is the subject of the remaining coverage

---

[1] For a summary of the claims, cross claims and counter claims asserted by the intervening parties, see Document #138 at 2-3.

[2] Within its Motion, AEIC asks the Court to "stay operation [of] its previous Order indicating that these matters should proceed 'as on interpleader' and convene a pretrial conference to clarify the positions of Roy and/or Jimmie Rhodes and Paragon with regard to the items in question." Doc. #176 at 2.

2

dispute between Paragon and AEIC). Doc. #176-1 (Ltr. from R. Rhodes to AEIC, dtd. Aug. 9, 2010). Also pending before the Court is AEIC's Motion for Extension of Time, asking the Court to extend the deadline for it to file a Motion for Summary Judgment, on its bad faith claim, until after the Court had considered the request to clarify positions, which it is also addressing herein.[3] Doc. #179.

With regard to the request to clarify the positions of the Rhodeses, the Court will make short work of this Motion. Roy Rhodes and Jimmie Rhodes are not Interpleader Plaintiffs, but rather are Interpleader Defendants, in this litigation. As such, they have asserted claims against the interpleaded funds paid to (or payable to) Paragon (as beneficiary of the subject insurance policy) from AEIC and deposited (or to be deposited) with this Court. As Interpleader Defendants (and creditors of Paragon), Roy Rhodes and Jimmie Rhodes have asserted no claims against Defendant AEIC. Therefore, this Court has no jurisdictional basis upon which to rule on the requested Motion, relating to the propriety of the claim asserted by Roy Rhodes against AEIC. Thus, Defendant AEIC's Motion to Clarify Position (Doc. #176) is OVERRULED.

As to AEIC's request for additional time to file a Motion for Summary Judgment pertaining to the bad faith claim (Doc. #179), that Motion is SUSTAINED, and the Court grants leave to AEIC to file said Motion within 14

---

[3] The Court had previously granted AEIC leave to file said Motion within 21 calendar days of the date of its Decision on certain other Motions that were pending before the Court. Doc. #173 at 61.

3

calendar days of the date of this Decision.

January 11, 2011

                                                         WALTER HERBERT RICE, JUDGE
                                                         UNITED STATES DISTRICT COURT

Copies to:
Counsel of record