IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PARAGON MOLDING, LTD., :
et al.
:
    Plaintiffs,
: Case No. 3:05cv422
    vs.
: JUDGE WALTER HERBERT RICE
SAFECO INSURANCE COMPANY,
et al. :

    Defendants. :

DECISION OVERRULING DEFENDANT AMERICAN ECONOMY
INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY
JUDGEMENT (DOC. #166); RECOGNITION THAT AEIC HAS
STIPULATED TO LIABILITY OF $50,000 ON SOLE REMAINING
COVERAGE CLAIM; ORDER FOR AEIC TO DEPOSIT $50,000 WITH
CLERK OF COURTS, AS PROVIDED HEREIN

On January 22, 2005, Plaintiff Paragon Molding, Ltd. ("Paragon") had a fire at its facility wherein it suffered damage to the real estate and the inventory for its molding and game calls business. Doc. #1. As a result, Paragon filed suit against American Economy Insurance Company ("AEIC") (misdenominated as Safeco Insurance Company), claiming that AEIC wrongfully withheld proceeds from a fire insurance policy from Paragon. Id.; Doc. #44. In the meantime, AEIC deposited with this Court fire insurance proceeds and several parties entered this litigation, as Interpleader Defendants (and creditors of Paragon), claiming an interest in said

proceeds, to wit: Roy Rhodes, Miller Industries, L.L.C. ("Miller"), The Alex N. Sill Company ("Sill"), Jimmie Rhodes and JPMorgan Chase Bank, NA ("Chase"). Doc. #40 (Roy Rhodes Mot. to Intervene); Doc. #43 (Miller Mot. to Intervene); Doc. #47 (Sill Mot. to Intervene); Doc. #66 (Jimmie Rhodes Mot. to Intervene); Doc. #86 (Chase Mot. to Intervene).[1] There are two issues currently left for resolution in this litigation, both pending between Paragon and AEIC, to wit: (1) a coverage dispute regarding certain property that was allegedly destroyed in the subject fire (i.e., video data, including production and related costs); and (2) a bad faith claim. See Doc. #164.

As to the coverage dispute claim, AEIC previously filed a Motion for Leave to file a Motion for [Partial] Summary Judgment. Doc. #163. In addressing that Motion, the Court noted that, within the memorandum supporting the Motion, AEIC alleged the following:

> The umpire's report notes coverage disputes regarding Electronic Data, processing/storage, and outdoor property coverage relative to the loss of trees and shrubs. The total amount noted by the Umpire as being attributed to the Electronic Data Storage coverage for loss of videotapes and raw footage was $340,450. However, in multiple conversations with Don Little, counsel for Paragon . . ., the parties have agreed that the total limit of liability for such coverage is $50,000. [AEIC] proposes that it will make an additional deposit of $50,000 to the account established by the Court on or before August 1, 2010, said amount constituting the entire potential amount of coverage available under the aforementioned coverages.

---

[1] For a summary of the claims, cross claims and counter claims asserted by the intervening parties, see Document #138 at 2-3.

2

Doc. #164 at 4-5 (quoting Doc. #163 at 5-6). The Court expressed its understanding that AEIC was alleging here that, although the total value of the destroyed items still in dispute was $340,450, Paragon and AEIC had agreed that the total limit of liability for the coverage of these items was $50,000, and that AEIC had agreed to make an additional deposit with the Court in that amount. Id. at 5. Based on this understanding, the Court ordered Paragon and AEIC to file a stipulation that set forth the specifics of this claim and the maximum amount of which had been agreed upon by those parties. Id. The Court then stated that, upon the filing of such stipulation, to the extent that any issues remained outstanding, as to this claim, AEIC's Motion to File a Motion for [Partial] Summary Judgment was sustained. Id.

The parties subsequently filed the requested stipulation, pertaining to the remaining coverage dispute.[2] In pertinent part, the stipulation reads as follows:

1. The amounts at issue in this claim for items outside the report of the umpire . . . include certain amounts for loss of video data, including production and related costs, under the "Electronic Data Processing - Loss to Data and Media" Coverage provision of the policy;

. . .

---

[2]There had previously been some discussion as to whether there was still an outstanding coverage dispute involving "trees, shrubs and plants", as well as the present one involving electronic data, processing/storage items. The Stipulation clarifies that "[t]he parties agree that the full amount sought under [the Outdoor Property - Loss of Trees, Shrubs and Plants] coverage ($2,439.86) has been paid into the fund established by this Court, and that there are no further outstanding issues with regard to this coverage." Doc. #167 ¶ 2.

3

3. The parties agree that the maximum amount of coverage available under the "Electronic Data Processing - Loss to Data and Media" provision of the policy is $50,000.00;

4. Therefore, AEIC shall forthwith deposit $50,000.00 into the fund created by the Court[3] and, after having done so, it will have deposited all amounts allowed by the report of the umpire . . ., plus the full limits of coverage for "Electronic Data Processing - Loss to Data and Media" Coverage. The previous deposits made by AEIC, <u>as well as this $50,000.00 deposit will satisfy all coverage obligations of [AEIC] under the policy of insurance</u>;

5. <u>These stipulations in no way effect the alleged bad faith claim of Paragon Molding and Miller Industries, a claim which is denied and vigorously disputed by [AEIC]</u>.

Doc. #167 (emphasis added).

Presently before the Court is AEIC's Motion for Partial Summary Judgment, as to the coverage dispute claim. Doc. #166. In that Motion, AEIC makes three alternative arguments, as to the limit of its liability for the loss of the video data, to wit: (1) that it is only liable to Paragon for $5,000 (which is presumably the replacement cost for the blank media), in accordance with the Building and Personal Property Coverage Form, given that Paragon never replaced or restored the videotapes, as is required by that part of the policy (<u>id.</u> at 6-7); (2) that it is only liable to Paragon for $5,000, in accordance with the Optional Coverages provision, given that the videotapes were "stock", that Paragon did not

---

[3]The Clerk of Courts informs the Court that AEIC has not yet deposited the $50,000 sum into the fund created by the Court, as it indicated it would do "forthwith", by stipulation dated August 24, 2010. Doc. #167 ¶ 4. The Court will, therefore, order AEIC to deposit said sum, at the conclusion of this Opinion.

4

substantiate the alleged value of the videotapes, and that Paragon never replaced or repaired the videotapes (id. at 8-10); and (3) that, because Paragon has not submitted proof that it (as opposed to Roy Rhodes) actually owned the videotapes in question, it is limited to policy coverage of $25,000 for property owned by others and should be further limited to replacement costs of $5,000, which is a "reasonable value for videotapes that have no known market" (id. at 10-11).

In response, along with attempting to contest the merits of each of these three arguments, Paragon argues that AEIC has already stipulated that it was liable to Paragon for $50,000 and, thus, should not now be able to reverse the effects of that stipulation. Doc. #170. In support of its contention, Paragon points to the part of the stipulation wherein AEIC agreed that it was making the additional $50,000 deposit in order to "satisfy all coverage obligations" it had under the subject insurance policy. Doc. #167 ¶ 5.

To summarize the parties' positions, without directly stating it, AEIC seems to be taking the position that the stipulation merely established that $50,000 was the maximum amount of coverage available under the subject insurance policy, for the remaining coverage dispute. See Doc. #166. In contrast, Paragon takes the position that the stipulation established that AEIC was liable to Paragon for $50,000, under the subject insurance policy, for the remaining coverage dispute. Doc. #170.

Because the Court finds Paragon's responsive argument pertaining to the

5

stipulation to be well taken, it finds it unnecessary to address the merits of AEIC's three assertions as to why it is only liable to Paragon for $5,000. A plain reading of the stipulation indicates that AEIC agreed to deposit an additional $50,000 sum with the Court (a fact, in and of itself, which makes AEIC's position untenable), <u>in satisfaction of its coverage obligations</u> under the subject fire insurance policy. <u>Id.</u> ¶ 4 ("The previous deposits made by AEIC, as well as this $50,000.00 deposit will satisfy all coverage obligations of [AEIC] under the policy of insurance."). Further, therein, AEIC was careful to indicate that the stipulation did not impact the remaining bad faith claim, "a claim which is denied and vigorously disputed by [AEIC]," yet it did not similarly provide that the stipulation did not impact the remaining coverage dispute claim, the only other outstanding claim in this litigation. <u>Id.</u> ¶ 5. Finally, AEIC neither filed a reply to Paragon's memorandum in response (to defend against Paragon's argument regarding the stipulation), nor asked the Court to relieve it from the subject stipulation. See <u>Fairway Constr. Co. v. Allstate Modernization, Inc.</u>, 495 F.2d 1077, 1079 (6th Cir. Mich. 1974) ("[T]he general rule is that stipulations entered into freely and fairly are not to be set aside except to avoid manifest injustice.") (citing <u>Sherman v. United States</u>, 462 F.2d 577 (5th Cir. 1972); <u>Fenix v. Finch</u>, 436 F.2d 831 (8th Cir. 1971)).

The Court hereby takes notice of the fact that AEIC has stipulated that it is liable to Paragon for $50,000, in satisfaction of the sole remaining coverage dispute between the parties (pertaining to video data, including production and

6

related costs). Based on the same, the Court OVERRULES AEIC's Motion for Partial Summary Judgment (Doc. #166), wherein it argues that it is only liable to Paragon for $5,000, in satisfaction of that dispute. Furthermore, the Court orders AEIC to deposit the sum of $50,000, with the Clerk of Courts, within fourteen calendar days of the filing of this Decision.

January 11, 2011

*[signature]*

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
Counsel of record