IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PARAGON MOLDING, LTD., | : | |
|     Plaintiff, | : | Case No. 3:05-cv-422 |
| vs. | : | JUDGE WALTER HERBERT RICE |
| SAFECO INSURANCE CO., | : | |
|     Defendant | : | |

DECISION AND ENTRY SUSTAINING JOINT MOTION TO STAY BRIEFING AND RULING ON ALL PENDING MOTIONS TO ALLOW PRIVATE MEDIATION (DOC. #234); STAYING CASE UNTIL NOVEMBER 1, 2011; OVERRULING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR RELEASE OF FUNDS (DOC. #187), ROY AND JIMMIE RHODES' MOTION FOR DISBURSEMENT OF FUNDS (DOC. #189), DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. #192), DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER ON MOTION FOR SUMMARY JUDGMENT (DOC. #196), PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT OF MICHAEL MILLS (DOC. #206), DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF DON A. LITTLE (DOC. #207), AND DEFENDANT'S MOTION TO STRIKE AFFIDAVITS OF VICKI MILLER AND MICHAEL WERNER (DOC. #219); OVERRULING AS MOOT ROY AND JIMMIE RHODES' MOTION TO CONTINUE MAY 11, 2011 PHONE CONFERENCE (DOC. #235); JOINT STATUS REPORT DUE NO LATER THAN NOVEMBER 1, 2011

On May 2, 2011, Plaintiff Paragon Molding, Ltd. and Intervenor Miller Industries, Ltd., along with Defendant American Economy Insurance Company,[1] filed a Joint Motion to Stay Briefing and Ruling on All Pending Motions Until July 15, 2011 to Allow Private Mediation (Doc. #234). The Court held a telephone

---

[1] American Economy Insurance Company is incorrectly identified in Plaintiff's Complaint as Safeco Insurance Company.

conference on May 11, 2011, addressing the scope of the proposed mediation.

At this point in the litigation, two issues remain: (1) proper disposition of the $50,000 in interpleader funds on deposit with the Clerk's Office; and (2) resolution of Plaintiff's "bad faith" claim against American Economy. During the telephone conference, the Court directed the parties to file memoranda addressing the question of whether Intervening Defendants Roy and Jimmie Rhodes should participate in the proposed mediation in an effort to reach a global settlement, resolving all remaining issues in this case.

Intervening Defendants Roy and Jimmie Rhodes claim to have an interest in the proceeds of any settlement between Paragon and American Economy. They are concerned about protecting their interests and, therefore, want the Court to approve any such settlement. They see no need to attend the mediation, but do not object to being ordered to do so. Docs. ## 236, 240.

Paragon and Miller Industries urge the Court to rule on how to distribute the $50,000 on deposit and then to dismiss Roy and Jimmie Rhodes from this lawsuit. Paragon and Miller Industries maintain that the Rhodes' continued involvement in this case will hamper settlement. They argue that Roy and Jimmie Rhodes are not entitled to remain in this action simply because they are judgment creditors; if needed, they can pursue a collection action in state court. Doc. #238.[2]

---

[2] In response, the Rhodeses argue that the Court does have jurisdiction to protect the claims of judgment creditors, as evidenced by its authority to appoint a receiver to take possession of a debtor's assets. Doc. #240.

American Economy maintains that all parties should be ordered to attend the mediation in an effort to reach a global settlement. It points out that any future distribution to the Rhodeses will affect Paragon's negotiation position. To avoid that uncertainty, it makes sense to have the Rhodeses participate in the mediation. American Economy objects to court approval of any settlement, arguing that such a requirement would doom mediation before it has even begun.

American Economy, however, also maintains that the Court should rule on how it will proceed if the mediation is unsuccessful. This will enable to parties to negotiate knowing exactly what will happen if they fail to resolve the remaining claims. If mediation is unsuccessful, American Economy suggests that the Court: (1) determine the remaining amount of coverage owed from the $50,000 remaining on deposit with the Court; (2) distribute any additional funds in accordance with its September 22, 2010 Order (Doc. #173);[3] and (3) dismiss the interpleader defendants, including the Rhodeses, and proceed to adjudicate Paragon's extra-contractual tort claim against American Economy.

The Court has fully considered the parties' arguments and has determined that it would be preferable if a global settlement could be reached, resolving all of the outstanding issues in this case. In the Court's view, the best way to achieve

---

[3] American Economy contends that additional coverage should be distributed in the following percentages: 38.595% to the Rhodeses, 15% to Paragon for attorney fees, 7.5% to Sill, and the remaining 38.905% to Paragon as successor to Chase's interest as a result of the settlement between Paragon and Chase.

3

this is to order all of the parties, including the Rhodeses, to participate in the proposed mediation. If the mediation is unsuccessful, the Court will follow the course suggested by American Economy.

The Court SUSTAINS the Joint Motion to Stay Briefing and Ruling on All Pending Motions to Allow Private Mediation, Doc. #234. This case is STAYED until November 1, 2011 or until further order of the Court. No later than November 1, 2011, the parties shall submit a Joint Status Report concerning the status of negotiations.

The following motions are OVERRULED WITHOUT PREJUDICE to renewal after mediation:

- Plaintiff's Motion for Release of Funds (Doc. #187);
- Roy and Jimmie Rhodes' Motion for Disbursement of Funds (Doc. #189);
- Defendant's Motion for Partial Summary Judgment (Doc. #192);
- Defendant's Motion for Reconsideration of Order on Motion for Summary Judgment (Doc. #196);
- Plaintiff's Motion to Strike Affidavit of Michael Mills (Doc. #206);
- Defendant's Motion to Strike Affidavit of Don A. Little (Doc. #207); and
- Defendant's Motion to Strike Affidavits of Vicki Miller and Michael Werner (Doc. #219).

Roy and Jimmie Rhodes' Motion to Continue May 11, 2011 Phone Conference Due to a Scheduling Conflict (Doc. # 235) is OVERRULED AS MOOT.

Date: August 22, 2011

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record